UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Tyrone Cornelius Williams, #27857-171, | ) C/A No.  4:16-1805-BHH-TER |
| | ) |
| Plaintiff, | ) |
| | ) **Report and Recommendation** |
| vs. | ) |
| | ) |
| Sheriff Deputy Levi Duyn, | ) |
| Florence County Sheriff's Department, | ) |
| Florence County, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, Tyrone Cornelius Williams ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action against Defendants, pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

In this action, Plaintiff alleges that Sheriff Deputy Levi Duyn ("Defendant Duyn") used unjustifiable excessive force and deadly physical force against Plaintiff when he shot Plaintiff in the back incident to pursuing Plaintiff on foot.  The incident allegedly took place on September 17, 2013.  Plaintiff names Defendant Duyn, the Florence County Sheriff's Department and Florence County as Defendants.[1]

_____

[1]In the caption of his Complaint, Plaintiff names Sheriff Deputy Levi Duyn, the Florence County Sheriff's Department and Florence County as his only Defendants. (ECF No. 1 at 1). However, in the body of the Complaint he lists the Florence County Detention Center as an additional Defendant. *Id*. at 2.  The Clerk of Court generally dockets Defendants in a case exactly

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of

the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A,

and the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, 110 Stat. 1321 (1996).  This

review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25

(1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972);

*Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d

70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent

litigant to commence an action in federal court without prepaying the administrative costs of

proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows

a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief

may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made

where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31.

Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua

sponte*. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S.

89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by

attorneys, *id*.; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is

charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of

---

as Plaintiff lists them in the caption of the initial pleading; therefore, only Sheriff Deputy Levi Duyn, the Florence County Sheriff's Department and Florence County are officially listed on the docket as Defendants in the case.  Nevertheless, under the requirement of liberal construction of *pro se* pleadings, the court has also included the Florence County Detention Center as a Defendant in the analysis of Plaintiff's Complaint.

2

a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

A claim for relief under § 1983, must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 & n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see generally *5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person."

## 1. Florence County

As to Defendant Florence County, under *Monell*, a municipality or other local government entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights, but "only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.' " *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (quoting *Monell*, 436 U.S. at 694); *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir.1984).

Here, all of Plaintiff's claims arise out of the alleged actions of Defendant Duyn. Florence County is not responsible for actions of a deputy sheriff, who is hired and supervised by the elected Sheriff. Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-10 (Westlaw 2016); 1975 S.C. Att'y Gen'l Op. No. 47 (Jan. 22, 1975); and S.C. Code Ann. § 23-13-10 (Westlaw 2016), which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff; *see also Edwards v. Lexington Cnty. Sheriff's Dep't*, 386 S.C. 285, 287 n. 1, 668 S.E.2d 125, 127 n. 1 (2010). ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county employees."); and *Allen v. Fid. and Deposit Co.*, 515 F. Supp. 1185, 1189-91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), aff'd, 694 F.2d 716 (4th Cir. 1982) [Table].

Alternatively, assuming arguendo Florence County was responsible for the actions of Defendant Duyn, Plaintiff has failed to allege that the alleged excessive force was the result of a governmental policy of Florence County. *See Los Angeles Cnty v. Humphries*, 131 S.Ct. 447, 178 L.Ed. 2d 460 (2010); *Monell v. Dep't of Soc. Serv.* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an

4

employer or supervisor is not liable for the acts of employees, absent an official policy or custom which results in illegal action." *Monell*, 436 U.S. at 694; *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142–43 (4th Cir.1982). In the instant case, Plaintiff's Complaint makes factual allegations that he was subjected to excessive and/ or deadly force by Defendant Duyn, but not that the alleged wrongful actions were done in furtherance of any policy, custom, or practice of Florence County, its agencies, or officials. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) *(*quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Consequently, as to Defendant Florence County, the Complaint should be summarily dismissed because Plaintiff's allegations fail to state a plausible claim for which relief may be granted by this Court.

**2. Florence County Sheriff's Department**

As to the Florence County Sheriff's Office, it is immune from suit under the Eleventh Amendment. Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* S.C.Code Ann. § 23–13–550 (Westlaw 2016); 1975 S.C.Att'y.Gen'l.Op. No. 47 (Jan. 22, 1975); and S.C.Code Ann. § 23–13–10 (Westlaw 2016), which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff. see also *Edwards v. Lexington County Sheriff's Department*, 386 S.C. 285, 287 n. 1, 688 S.E.2d 125, 127 n. 1 (2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); *Allen v. Fidelity and Deposit Company*, 515 F.Supp. 1185, 1189–91 (D.S.C.1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *aff'd*, 694 F.2d 716 (4th Cir.1982) [Table]; and *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir.1996) (suit against Sheriff of Greenville County: "Sheriff Brown is an arm of the State.").

Indeed, any damages to Plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund. *Comer v. Brown*, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund).  Thus, since the Florence County Sheriff's Department is a state agency, it enjoys immunity from suit in this Court and is entitled to summary dismissal as a party

**3.  Florence County Detention Center**

As an initial matter, to the extent Plaintiff intended to sue the Florence County Detention Center, it  is not a proper defendant in this case.  As indicated previously, it is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person."  For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir.1969) (California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301(E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). *Cf. Roach v. West Virginia Regional Jail and Correctional Facility*, 74 F.3d 46, 48 (4th Cir.1996).  As a facility used primarily to house pretrial detainees, the Florence County Detention Center is not a "person" amenable to suit under § 1983.  Therefore, the Florence County Detention Center is entitled to summary dismissal from the instant action.

## RECOMMENDATION

Accordingly, it is recommended that Complaint be partially dismissed without issuance and service of process, as to Defendants Florence County, the Florence County Sheriff's County Sheriff's Department, and the Florence County Detention Center.  The Complaint should be served as to Defendant Levi Duyn.

IT IS SO RECOMMENDED.

6

s/Thomas E. Rogers, III

Thomas E. Rogers, III
United States Magistrate Judge

June 16, 2016
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo

7

review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).