IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Tyrone Cornelius Williams, #27857-171, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:16-1805-BHH |
| v. ) | |
| ) | |
| Sheriff Deputy Levi Duyn, ) | **ORDER** |
| Florence County Sheriff's Department, ) | |
| Florence County, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Tyrone Cornelius Williams' pro se complaint filed pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that Sheriff Deputy Levi Duyn used excessive and deadly force against Plaintiff when he shot Plaintiff in the back while pursuing Plaintiff on foot.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On June 16, 2016, Magistrate Judge Thomas E. Rogers, III, issued a report and recommendation ("Report") outlining Plaintiff's complaint and recommending that the Court dismiss the action without issuance and service of process as to Defendants Florence County Sheriff's Department, Florence County, and Florence County Detention Center.[1] Specifically, the Magistrate Judge determined that Defendant Florence County Sheriff's Department is immune from suit pursuant to the Eleventh Amendment; that Plaintiff failed to state a plausible § 1983 claim against Defendant Florence County; and

---

[1] Although the caption of Plaintiff's complaint does not include Florence County Detention Center as a Defendant, the Magistrate Judge, in liberally construing Plaintiff's pro se filing, included the Florence County Detention Center as a Defendant. (*See* ECF No. 12 at 1-2 n.1.)

that Defendant Florence County Detention Center is not a "person" amenable to suit under § 1983.

Plaintiff filed written objections to the Magistrate Judge's Report on June 27, 2016; however, in his objections Plaintiff simply reiterates his claim that Defendant Levi Duyn violated his constitutional rights and nowhere does Plaintiff respond to the Magistrate Judge's recommendations as to Defendants Florence County Sheriff's Department, Florence County, and Florence County Detention Center.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After review, and in the absence of specific objections, the Court finds that the Magistrate Judge correctly summarized the facts and applied the appropriate legal standards. First, as the Magistrate Judge determined, Defendant Florence County Sheriff's Department is entitled to Eleventh Amendment immunity, as it is well-established in South

Carolina that a sheriff's office is an agency of the state, such that a suit against a sheriff's office is a suit against the State. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (citations omitted). Next, the Court agrees with the Magistrate Judge that Plaintiff failed to state a plausible § 1983 claim against Defendant Florence County because Plaintiff's claims arise out of the alleged actions of Defendant Sheriff Deputy Levi Duyn, who serves at the pleasure of the Sheriff and not the county. *See Allen v. Fid. & Deposit Co.*, 515 F. Supp. 1185, 1190 (D.S.C. 1981) ("The county government [in South Carolina] cannot hire or fire the deputies nor can it tell the sheriff the manner or method by which he and his deputies are to perform the official acts of his office."). In addition, as the Magistrate Judge noted, Plaintiff has not averred that the alleged excessive force was the result of an official policy or custom of Florence County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Finally, the Court agrees with the Magistrate Judge that Defendant Florence County Detention Center is not a "person" amenable to suit under 42 U.S.C. § 1983.

Accordingly, based on the foregoing, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 12); overrules Plaintiff's objections (ECF No. 18); and dismisses Defendants Florence County Sheriff's Department, Florence County, and Florence County Detention Center without issuance and service of process. This action remains pending against Defendant Duyn.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

October 14, 2016
Charleston, South Carolina