IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Cornelius Williams,                       )<br>                                        Plaintiff,  )<br>                                                        )<br>            vs.                                            )<br>                                                        )<br>Sheriff Deputy Levi Duyn,                      )<br>                                                        )<br>                                        Defendants. )<br>_____  ) | Civil Action No.: 4:16-1805-BHH<br><br>**ORDER AND OPINION** |

      Plaintiff Tyrone Cornelius Williams ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation. On February 7, 2017, the Magistrate Judge issued a Report and Recommendation which recommends that the case be dismissed for lack of prosecution pursuant to Fed. R. Civ. P. 41(b). (ECF No. 58.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

      "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). As well as inherent authority, this Court may *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

On February 21, 2017, the envelope containing Plaintiff's copy of the Report and Recommendation (ECF No. 58) was returned to the Clerk of Court, marked "RETURN TO SENDER, REFUSED, UNABLE TO FORWARD" and "No Longer At This Address." (ECF No. 60.) Plaintiff was advised by order filed June 16, 2016, of his responsibility to notify the Court in writing if his address changed and that his case could be dismissed for failing to comply with the Court's order. (ECF No. 10.)

As Plaintiff did not receive the Report and Recommendation due to his failure to keep this Court advised of his address, Plaintiff filed no objections. In the absence of objections to the Magistrate Judge's Report and Recommendation, this Court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 and advisory committee's note).

After a careful review of the record, the applicable law, and the Report and Recommendation, the Court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED with prejudice for failure to prosecute and for failure to comply with the Court's orders pursuant to Fed. R. Civ. P. 41(b)..

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

February 24, 2017
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

    The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.