IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tyrone Cornelius Williams | ) | Civil Action No. 4:16-1805-BHH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **ORDER AND OPINION** |
| Sheriff Deputy Levi Duyn | ) ) | |
| Defendant. | ) ) | |

Plaintiff Tyrone Cornelius Williams ("Plaintiff"), proceeding *pro se* brought this civil action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Thomas E. Rogersfor pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by the Magistrate Judge on February 23, 2018. (ECF No. 80.) In his Report, the Magistrate Judge recommends that the case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) because of the Plaintiff's repeated failure to abide by court deadlines. Objections to the Report were due by March 12, 2018. Neither Defendant nor Plaintiff has filed any Objections.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the

absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

This case was initially dismissed with prejudice for failure to prosecute and failure to comply with the Courts orders pursuant to Federal Rule of Civil Procedure 41(b) on February 24, 2017. (ECF No. 63.) On September 5, 2017, the Court granted Plaintiff's motion for relief from the final judgment due to exceptional circumstances, and reinstated the case to the active docket. (ECF No. 69.) However, after being provided with copies of Defendant's motion for summary judgment and the Court's Roseboro Order (*see* ECF No. 72), and after repeated instructions to file his response within itemized deadlines (*see* ECF Nos. 69 & 77), Plaintiff has failed to respond. Plaintiff has been warned numerous times of the consequences of failure to follow the Court's orders and failure to respond to dispositive pleadings filed by Defendant. (*See* ECF No. 80.) Accordingly, the Court can only construe Plaintiff's failures to respond as abandonment of his claims.

After a careful review of the record, the applicable law, and the Report of the Magistrate Judge, the Court adopts the Report. It is therefore

**ORDERED** that this action is DISMISSED *without prejudice* for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

March 20, 2018
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.